ELECTRONICALLY FILED - 2020 Mar 10 4:36 PM - DORCHESTER - COMMON PLEAS - CASE#2020CP1800519

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | CASE NUMBER 2020-CP-18- |
| COUNTY OF DORCHESTER ) | |
| ) | |
| GLORIA NANCE-WILLIAMS, ) | |
|           Plaintiff, ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | **(JURY TRIAL REQUESTED)** |
| TARGET STORES, ) | |
| TARGET STORES, INC., ) | |
| TARGET CORPORATE SERVICES, INC., AND ) | |
| TARGET COPORATION, ) | |
|           Defendants. ) | |

TO:  THE ABOVE-NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, SC  29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

                                               **WIGGER LAW FIRM, INC.**

                                               s/ <u>Brice E. Ricker</u>
                                               Brice E. Ricker
                                               8086 Rivers Avenue
                                               N. Charleston, SC 29406
                                               Phone No.: (843) 553-9800
                                               Fax No.: (843) 553-1648
                                               Email:  bricker@wiggerlawfirm.com

                                               Attorney for the Plaintiff

Charleston, South Carolina
10th day of March 2020.

ELECTRONICALLY FILED - 2020 Mar 10 4:36 PM - DORCHESTER - COMMON PLEAS - CASE#2020CP1800519

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | CASE NUMBER 2020-CP-18- |
| COUNTY OF DORCHESTER ) | |
| ) | |
| GLORIA NANCE-WILLIAMS, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **(JURY TRIAL REQUESTED)** |
| TARGET STORES, ) | |
| TARGET STORES, INC., ) | |
| TARGET CORPORATE SERVICES, INC., AND ) | |
| TARGET COPORATION, ) | |
| Defendants. ) | |

TO:  THE ABOVE-NAMED DEFENDANTS:

The Plaintiff complaining of the acts of the Defendants would show unto this Honorable Court as follows:

ONE:  The Plaintiff is a citizen and resident of Dorchester County, South Carolina.

TWO: The Defendant **Target Stores**, is a foreign corporation organized in the State of Minnesota and at all times relevant hereto was doing business in Dorchester County and other counties in South Carolina, as the owner and/or operator of numerous retail department stores, including a store located at 1724 State Road, Suite 5A, Summerville, South Carolina.

THREE: The Defendant **Target Stores, Inc.**, is a foreign corporation organized in the State of Minnesota and at all times relevant hereto was doing business in Dorchester County and other counties in South Carolina, as the owner and/or operator of numerous retail department stores, including a store located at 1724 State Road, Suite 5A, Summerville, South Carolina.

FOUR: The Defendant **Target Corporate Services, Inc.**, is s foreign corporation organized in the State of Minnesota and at all times relevant hereto was doing business in Dorchester County and other counties in South Carolina, as the owner and/or operator of numerous  retail department stores, including a store located at 1724 State Road, Suite 5A, Summerville, South Carolina.

FIVE:  The Defendant **Target Corporation**, is s foreign corporation organized in the State of Minnesota and at all times relevant hereto was doing business in Dorchester County and other counties in South Carolina, as the owner and/or operator of numerous retail department stores, including a store located at 1724 State Road, Suite 5A, Summerville, South Carolina.

SIX:    All four Defendants are hereinafter refereed to collectively as "Target."

SEVEN: The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

ELECTRONICALLY FILED - 2020 Mar 10 4:36 PM - DORCHESTER - COMMON PLEAS - CASE#2020CP1800519

## STATEMENT OF FACTS

EIGHT: On or about March 11, 2017, the Plaintiff entered the premises owned, operated and controlled by the Defendants located at 1724 State Road, Suite 5A, Summerville, S.C.

NINE: The Plaintiff was on the premises for the purpose of doing business as a customer of Defendant Target, and as such was a business invitee.

TEN:   At all times the Plaintiff was in areas provided for the use of invitees and patrons.

ELEVEN: The Defendants were aware that all manner of people would be walking in their store including but not limited to the aged, the infirmed, the young, people with vision problems, and the disabled; the Defendant knew they needed to keep the walking and aisle areas free from hazards.

TWELVE: Plaintiff was looking on a shelf for an item when she was suddenly and without warning struck in the head with a bottle of bleach that was improperly stored on the top shelf.

THIRTEEN: As the Plaintiff was struck in the head, the bottle of bleach busted open spilling onto the Plaintiff and the floor.

FOURTEEN: That at all times herein mentioned herein, the Plaintiff was acting in a prudent and lawful manner in her conduct on the premises.

FIFTEEN: The bleach in question was stacked on the top shelf improperly making it subject to falling off the shelf and striking patrons.  The improper, dangerous, and negligent storage/stacking of the bottle of bleach by the defendants was the sole and proximate cause of the Plaintiff's injury; the Defendants knew or should have known its presence constituted an unreasonable danger to those who were present on the premises.

SIXTEEN: At all times herein mentioned, the premises was in the direct operation and control of the Defendants.

SEVENTEEN:  The improper, dangerous, and negligent storage/stacking of the bottle of bleach by the defendants was  an unreasonably dangerous condition and was the sole and proximate cause of Plaintiff's injury; the Defendants, its agents, employees, apparent agents, and servants, knew or should have known of the hazardous conditions present on the shelves and that it constituted a danger to members of the public who were present on the premises.

EIGHTEEN:  At all times herein, the Defendants owed the Plaintiff a duty of care to keep the premises in a safe condition for its intended use, to inspect the premises to discover dangerous conditions, and to eliminate the condition, guard against it, or warn of or eliminate unreasonable risks within the area of invitation.

## FIRST CAUSE OF ACTION
## NEGLIGENCE/GROSS NEGLIGENCE: Premises Liability

3

ELECTRONICALLY FILED - 2020 Mar 10 4:36 PM - DORCHESTER - COMMON PLEAS - CASE#2020CP1800519

NINETEEN:  The Plaintiff realleges and reiterates the allegations contained in the above paragraphs.

TWENTY: Defendants knew or should have known that there was a hazardous condition with the products stacked improperly on the shelves in the aisles and that it caused a dangerous condition for the general public, patrons, and Plaintiff.

TWENTY- ONE: The Defendants created the hazardous condition by improperly, dangerously, and negligently storing the bleach in an unsafe manner which made the bottle subject to falling and injuring patrons and by failing to inspect and maintain the storage/placement of products on the shelves to ensure that no products would pose a fall hazard to patrons shopping in their store.

TWENTY- TWO: At all times herein, Defendants owed the Plaintiff a duty of reasonable care to keep the premises in a safe condition; to inspect the premises to discovery dangerous conditions and to warn of or eliminate unreasonable risk on the premises.

TWENTY- THREE: The Plaintiff was injured due to the Defendants' improper, dangerous, and negligent storage of their bleach bottles on the product shelves.

TWENTY- FOUR: Defendants, through the use of reasonable care, could have prevented the injuries to Plaintiff.

TWENTY- FIVE:  That the Defendants by their acts and omissions were negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

1. In failing to ensure that the area where Plaintiff was injured was kept in a safe condition for invitees and patrons;

2. In failing to ensure that the area where Plaintiff was injured was free of any unstable merchandise, product fall hazards (*including products falling from the top shelf as is case giving rise to this litigation*), or debris;

3. Failing to cordon the area off – thereby guarding against the hazard the defendants created of unstable merchandise falling from the top shelf;

4. In failing to warn invitees and pedestrians of any dangers associated with the area where Plaintiff was injured;

5. In failing to remove any unstable merchandise, hazards, or debris that may be dangerous from the area where Plaintiff was hit in the head;

6. In failing to exercise reasonable care to discover the presence of unstable merchandise that was dangerous to the public;

7. In maintaining and operating the premises without exercising the degree of care, caution and prudence a person of ordinary, care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing;

4

ELECTRONICALLY FILED - 2020 Mar 10 4:36 PM - DORCHESTER - COMMON PLEAS - CASE#2020CP1800519

8. In failing to supervise its employees in proper care and maintenance of the premises, including the proper storage and placement protocols for safely storing bleach bottles so as to prevent hazards from said bottles falling from the shelves;

9. In failing to train its employees in the proper care and maintenance of the premises, including the proper storage and placement protocols for safely storing bleach bottles so as to prevent hazards from said bottles falling from the shelves; and

10. In failing to maintain and store merchandise in a safe manner.

TWENTY-SIX: As a direct and proximate result of the Defendants' willful, wanton, reckless, negligent and grossly negligent conduct, the Plaintiff was hit in the head on the premises, sustaining injury and great emotional upset and distress.

TWENTY- SEVEN: As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care and other incidental costs. Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants in an amount to be determined by the trier of fact, to include actual damages, future damages, permanent impairment, punitive damages, legal fees, costs of this action and any other relief this Honorable Court deems just and proper.

**WIGGER LAW FIRM, INC.**

s/ Brice E. Ricker
Brice E. Ricker
8086 Rivers Avenue
N. Charleston, SC 29406
Phone No.: (843) 553-9800
Fax No.: (843) 553-1648
Email: bricker@wiggerlawfirm.com

Attorney for the Plaintiff

Charleston, South Carolina
10th day of March 2020.

5