# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | | |
|---|---|---|
| **Gloria Nance-Williams,** | ) | Case No.: 2:20-cv-01584-DCN |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' REPLY TO** |
| | ) | **PLAINTIFF'S RESPONSE [Dkt 21] IN** |
| **Target Stores, Target Stores, Inc., Target** | ) | **OPPOSITION TO MOTION TO COMPEL** |
| **Corporate Services, Inc. and Target** | ) | **SETTLEMENT** |
| **Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendants Target Stores, Target Stores, Inc., Target Corporate Services, Inc., and Target Corporation (Defendants), by and through their undersigned counsel, hereby submit this Reply to Plaintiff's Response in Opposition (Dkt #21) to Defendants' Motion to Compel (Dkt #18).

### I.   Plaintiff's Motion for Reconsideration and Extension of Time to Respond and subsequent Response in Opposition to Motion to Defendants' Motion to Compel Settlement should be denied because they are overdue.[1]

As an initial matter, Plaintiff's Response is untimely. Pursuant to Local Civil Rule 7.06,

> [a]ny memorandum or response of an opposing party must be filed with the court within fourteen (14) days of the service of the motion unless the court imposes a different deadline. If no memorandum in opposition is filed within fourteen (14) days of the date of service, the court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any.

Local Civ. Rule 7.06 (D.S.C.). Here, Defendants submitted their Motion to Compel Settlement on November 11, 2021, making the typical deadline to reply November 25, 2021. However, because of where the Thanksgiving holiday fell, Plaintiff's Response in this case was not due

---

[1] This Reply is made in response to Plaintiff's filing at Dkt. 21. However, Plaintiff has simultaneously filed a Motion to Reconsider / for Extension of Time at Dkt. 20. We believe that both filings can be resolved by the Court in a single order.

until November 29, 2021. Even with the additional four days of time to respond, Plaintiff did not do so until December 6, 2021, when it was seven days overdue. By the time Plaintiff filed her Response, this Court had already granted Defendant's Motion and issued an Order regarding the same (December 3, 2021) because Plaintiff failed to respond by the November 29th deadline.

Similarly, though Plaintiff requested an extension of time to respond to Defendants' Motion to Compel Settlement in her Motion for Reconsideration, that request was also overdue. Rule 6(b)(1)(A) and (B) of the Federal Rules of Civil Procedure provide that the Court may grant requests for extensions for time for good cause when the request is made before the original time expires or, if time has expired, if the party failed to act due to excusable neglect. Here, Plaintiff filed her Motion for Reconsideration and Extension of Time (Dkt. 20) to Respond on December 6, 2021. Thus, the request was not made before the original time to respond expired, specifically, by November 29th, and, as such, is untimely.

Further, Plaintiff should not be granted the extension for time to respond per Rule 6(b)(1)(B) because her failure to respond within the requisite fourteen-day period was not because of excusable neglect. Plaintiff argues in her Motion for Reconsideration and Extension of Time to Respond that the failure to respond within the allotted time was due to staffing issues and "clerical oversights." Plaintiff explains that the attorney assigned to this case, along with several support personnel, left their firm shortly after this case settled which led to a series of events that caused current counsel to be uninformed of the status of this matter. However, Plaintiff's counsel himself argues that former counsel's assignment to this case after he left the firm was a result of a "clerical oversight." Further, he suggests that this case was not reassigned to one of the other attorneys at their firm. However, per Plaintiff's own admission in the Response, both current counsel and another attorney in his office, Emily Tong, engaged in

conversations via email regarding finalizing settlement in October 2021, long after former counsel left their firm. Both were aware of the status of the case and, accordingly, the substance of the arguments contained in Defendants' Motion to Compel Settlement. Indeed, the inability to resolve the issue by correspondence with Plaintiff counsel's office was the impetus for the filing of the Motion. Even so, current Plaintiff's counsel did not file a Notice of Appearance in this matter until December 6, 2021, mere hours before filing both Plaintiff's Response and Motion for Reconsideration and Extension of Time. Thus, Plaintiff's counsel's failure to request a timely extension was not because of excusable neglect and, as such, the request should be denied.

**II.     Plaintiff's Response in Opposition to Defendants' Motion to Compel Settlement should be denied because relevant authority permits the issuance of two separate settlement checks.**

Firstly, Plaintiff's duties under the MSPA are not compromised by the issuance of two separate settlement checks. Plaintiff correctly notes the obligation that Medicare beneficiaries and their attorneys have to reimburse Medicare for conditional payments made to an enrollee. However, Defendants' proposed course of conduct, specifically, issuing one check to Plaintiff/counsel and another to Medicare in the amount of the final demand of the lien, does not in any way thwart this duty. As discussed in Defendants' Motion to Compel Settlement, this Court has condoned the practice of issuing two checks when settling with a Medicare enrollee who has outstanding liens, thus allowing both Defendants, as primary payer, and Plaintiff, to meet their respective obligations under the Medicare Secondary Payer Act.

As a final matter on this point, Plaintiff's argument that it cannot accept two settlement checks because Plaintiff's counsel has no control over Medicare to "enforce its acceptance of a check" is unconvincing. Plaintiff's own argument is that they have a duty only to ensure payment

to Medicare, not to walk said payment to the bank and cash it for them. Accordingly, their duty to ensure payment is met simply by passing the appropriate check along.

Additionally, Plaintiff cites several cases that suggest that Medicare cannot be a named payee on a settlement check. However, the federal law Plaintiff cites is not authoritative; not only are those cases from different states, but also from different federal judicial circuits. Plaintiff also makes reference to federal law contained in South Carolina Circuit Court orders; however, as state law, they are also not authoritative. Conversely, Defendants rely on an Opinion and Order from this Court's Florence division. Therefore, none of the authority Plaintiff uses to bolster her argument is binding on this case, whereas Defendants' authority is.

The MSPA imposes certain responsibilities on *both* enrollees (plaintiffs) and payees (defendants). One of the only ways—and certainly the only way being proposed in this case—to balance these twin responsibilities is by allowing Defendants to meet their responsibilities by issuing a check for the negotiated lien amount directly to Medicare while also allowing Plaintiff to be the conduit for that check to be transmitted to CMS. This way—and perhaps only this way—the duties perceived by both parties to this case will be accomplished.

## CONCLUSION

Therefore, Defendants respectfully request that this Court compel settlement and permit Defendants to issue a check made payable to Medicare (or the BCRC) and a second check for the balance of the settlement directly to Plaintiff/counsel.

{ *signature page to follow* }

        Respectfully submitted,

        **SWEENY, WINGATE & BARROW, P.A.**

        <u>s/Ryan C. Holt</u>
        Mark S. Barrow Fed. I.D. No. 1220
        Ryan C. Holt Fed. I.D. No. 10736
        Sweeny, Wingate & Barrow, P.A.
        Post Office Box 12129
        Columbia, SC  29211
        (803) 256-2233

        **ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

December 13, 2021