**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| GLORIA NANCE-WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-01584-DCN |
| vs. ) | |
| ) | **ORDER** |
| TARGET STORES, TARGET STORES, ) | |
| INC., TARGET CORPORATE SERVICES, ) | |
| INC., and TARGET COPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The following matter is before the court plaintiff Gloria Nance-Williams's ("Nance-Williams") motion to reconsider and for an extension of time to respond, ECF No. 20. For the reasons set forth below, the court grants the motion to reconsider; vacates its order, ECF No. 18, granting defendants Target Stores, Target Stores, Inc., Target Corporate Services, Inc., and Target Corporation's ("defendants") motion to compel settlement, ECF No. 15, as unopposed; and grants in part and denies in part the motion to compel settlement.

**I.  BACKGROUND**

This action arises out of Nance-Williams's alleged injury at a Target store in Summerville, South Carolina. According to Nance-Williams, she was searching for a shelved item when a bottle of cleaner fell from the top shelf, struck her in the head, and spilled onto the floor. On March 10, 2020, Nance-Williams filed suit against defendants. ECF No. 1-1, Compl. On April 27, 2021, the parties agreed to a settlement of the action. Nance-Williams is a Medicare beneficiary, and defendants contend that she has an outstanding Medicare lien related to her medical expenses from her alleged injury.

1

Accordingly, defendants have proposed issuing two checks to finalize settlement—one payable to Nance-Williams or her counsel and the second payable to Medicare for the amount of the final demand that the Centers for Medicaid and Medicare Services ("CMS") makes on its lien.

On November 11, 2021, defendants filed a motion to compel settlement. ECF No. 15. Nance-Williams failed to file a timely response, and, accordingly, the court granted the motion as unopposed on December 3, 2021. ECF No. 18. Thereafter, on December 6, 2021, Nance-Williams filed a motion to reconsider its order compelling settlement, ECF No. 20, and that same day filed its belated response to the motion to compel settlement, ECF No. 21. On December 13, 2021, defendants replied in support of their motion to compel settlement, ECF No. 22, and Nance-Williams filed a sur-reply on December 14, 2021, ECF No. 23. On December 20, 2021, defendants responded in opposition to the motion to reconsider. ECF No. 25. Nance-Williams did not file a reply to her motion, and the time to do so has now expired. The court held a hearing on both the motion to reconsider and motion to compel settlement on January 31, 2022. ECF No. 28. As such, the motions are now ripe for review.

## II. STANDARD

Under Fed R. Civ. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable'

2

neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "Rather, it may encompass delays caused by inadvertence, mistake or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (citing Pioneer Inv. Servs. Co., 507 U.S. at 395) (in the context of bill of costs). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co., 507 U.S. at 395 (in the context of Bankruptcy Rule 9006(b)(1), which was "patterned after Rule 6(b)"). These circumstances include "the danger of prejudice to the other side, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (citation and footnote omitted).

### III.   DISCUSSION

The court first addresses Nance-Williams's motion to reconsider and for leave for an extension of time to respond to the motion to compel settlement. Because it grants that motion, the court then addresses defendants' motion to compel settlement.

**A. Motion to Reconsider and for Leave for an Extension of Time to Respond**

The court first must determine whether to vacate its order compelling settlement as unopposed and entertain Nance-Williams's belated response to the motion to compel settlement. Specifically, the court must decide whether Nance-Williams's failure to timely respond is the result of excusable neglect. The court finds that it is.

Counsel for Nance-Williams explains that they missed the deadline to respond because the motion was filed shortly after former counsel in the matter, Brice E. Ricker ("Ricker"), resigned from his position with Wigger Law Firm (the "firm"). According to counsel, two other attorneys and several paralegals and administrative personnel also left the firm at that time. As a result of a "clerical oversight" during that transition, the instant action "remained assigned to Ricker in the Federal Court's electronic filing system." ECF No. 20 at 1. After Ricker changed his email in the electronic filing system, only he and his current paralegal received electronic notification regarding this matter. Although Ricker forwarded the notification of defendants' motion to compel settlement to the firm's office manager, Shelly Hoffman ("Hoffman"), she was on medical leave and undergoing emergency surgery at the time of the filing and did not return to work for several weeks. Therefore, counsel for Nance-Williams argues that they did not receive notice of defendants' motion and did not have an opportunity to timely respond.

Defendants argue that they were in contact with both current counsel and another attorney in his office, Emily Tong, in October 2021—"long after" Ricker left their firm. ECF No. 22 at 2–3. Therefore, defendants argue that current counsel was aware of the status of the matter and that current counsel's failure to update the contact information in the electronic filing system and file a Notice of Appearance in this matter until December 6, 2021 is not excusable neglect.

The court finds that the excusable neglect standard is sufficiently elastic to encompass this scenario. Indeed, excusable neglect covers "inadvertence, mistake or carelessness," at least when the delay was not long, it was not the result of bad faith, the

4

opposing party is not prejudiced, and the movant's excuse has some merit. LoSacco, 71 F.3d at 93 (citation omitted). Here, the response was due on November 29, 2021, the court granted the motion as unopposed on December 3, 2021, and Nance-Williams filed her motion to reconsider and submitted her response to the motion to compel settlement only three days later on December 6, 2021. Therefore, the delay was minimal and did not have any significant impact on the judicial proceedings. Moreover, defendants point to neither bad faith by Nance-Williams or her counsel nor prejudice suffered as a result of the missed deadline, and the court likewise finds none. Finally, the court finds that while Nance-Williams missed the deadline because of the firm's mistake or carelessness in updating counsel's contact information on the electronic filing system, the reason for the delay has sufficient merit for the court, in equity, to excuse it. Accordingly, the court vacates it order granting as unopposed the motion to compel settlement and considers the motion anew.

### B. Motion to Compel Settlement

Defendants request that the court compel settlement and permit them to issue two separate settlement checks—one to Nance-Williams or her counsel and the other to Medicare. Defendants argue that doing so "allows both the Plaintiff and Defendants to meet their duties under the Medicare statute to see that Medicare's lien is satisfied." ECF No. 15 at 3. Nance-Williams, on the other hand, argues that "it is exclusively the responsibility of Plaintiff and her counsel to resolve any and all liens asserted against the underlying claim." ECF No. 21 at 3. During the hearing, this court proposed a compromise whereby defendants tender the settlement funds in one check payable to Nance-Williams or her counsel, and counsel for Nance-Williams will not disburse those

funds to their client until Nance-Williams receives a final demand from CMS, pays any amounts owed, and receives confirmation that Medicare has released its lien. The parties agreed to this approach, provided that the court memorialize the same in its order. Therefore, the court compels settlement in accordance with this agreed-upon approach. The court strongly advises counsel for the parties to include the terms and conditions of payment in any settlement agreements involving similar liens in the future to protect their parties' interests and avoid unnecessary court involvement.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to reconsider, **VACATES** its order compelling settlement, and **GRANTS IN PART AND DENIES IN PART** the motion to compel settlement in accordance with this order.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**February 9, 2022**
**Charleston, South Carolina**